IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 OCT -5 P 12: 03

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

MARIA DOLORES SORTO
DE QUINTEROS, *et al.*,

    Plaintiffs,

v.

SUZANNE DE LYON,

    Defendant.

Case No.: GJH-15-203

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant's "Request for Change of Jurisdiction", ECF No. 23, which the Court will construe as a Motion to Transfer Venue. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion is denied.

A civil action may be properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). These three subsections are often respectively referred to as "residential venue," "transactional venue," and "fallback venue." 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3804. The first two subsections define "preferred judicial districts" for venue, while the third subsection provides a "fallback

option." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 578 (2013).

Under Fed. R. Civ. P. 12(h)(1), a party waives certain defenses, including improper venue under 12(b)(3), by failing to include it in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1)(b)(ii). Defendant did not raise her objection to venue when she filed her Answer, ECF No. 5, and thus any such objections are waived.

However, parties may also request that their case be transferred pursuant to 28 U.S.C. § 1404(a), which allows transfer "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "To prevail on a motion to transfer venue under § 1404, 'the defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009)(quoting *Helsel v. Tishman Realty & Constr. Co., Inc.*, 198 F.Supp.2d 710, 711 (D.Md.2002)). "Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion…to transfer pursuant to § 1404(a)." *Id.*

In support of her Motion, Defendant argues that the case should be transferred to Virginia since she lives there and it would be a hardship for her to travel to Maryland to defend herself. ECF No. 23 at 1.[1] She adds that Virginia legal aid organizations will not assist her in Maryland, though, as Plaintiffs correctly point out, Defendant has not articulated any efforts to seek assistance from Maryland-based organizations. *Id.* These allegations represent "mere assertions of inconvenience or hardship," *CoStar Realty Info., Inc.*, 604 F. Supp. 2d at 770, and

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

thus are insufficient to persuade the Court that a transfer is appropriate, especially as all eight Plaintiffs are residents of Maryland. ECF No. 1 ¶ 3.

Therefore, this case will proceed in the District of Maryland as originally scheduled. An in-court pre-trial conference, including a hearing on any pending motions, will be held on October 18, 2016, at 9:00 am. Following the pre-trial conference, a jury trial is scheduled to begin on October 25, 2016, at 9:30 am.

In accordance with the foregoing, it is hereby **ORDERED** that Defendant's Motion to Transfer Venue, ECF No. 23, is **DENIED.**

Dated: October 5, 2016

GEORGE J. HAZEL
United States District Judge